**FILED**

ORDERED PUBLISHED

AUG 03 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-11-1059-BPaMk |
| JOSEPH WILLIAM FISH, JR. | Bk. No. LA 10-34705 VZ |
| Debtor. | |
| PACIFIC RESOURCE CREDIT UNION, | |
| Appellant, | |
| v. | **O P I N I O N** |
| JOSEPH WILLIAM FISH, JR.; NANCY K. CURRY, Chapter 13 Trustee[1], | |
| Appellees. | |

Argued and submitted on July 21, 2011
at Pasadena, California

Filed - August 3, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

Appearances:   A. Lysa Simon argued for appellant Pacific Resource Credit Union. Thomas B. Ure, III, argued for appellee Joseph William Fish, Jr.

Before:   BRANDT[2], PAPPAS, and MARKELL, Bankruptcy Judges.

---

[1]   The trustee neither briefed nor argued in this appeal.

[2]   Hon. Philip H. Brandt, Bankruptcy Judge for the Western District of Washington, sitting by designation.

BRANDT, Bankruptcy Judge:

The bankruptcy court sustained Debtor's objection to appellant's proof of claim as untimely filed, rejecting appellant's argument that its filings with the court prior to the deadline were an informal proof of claim.

We REVERSE, and publish to highlight the continuing viability of the informal proof of claim doctrine in the Ninth Circuit.

## I. FACTS

Debtor Joseph William Fish, Jr. filed a chapter 13[3] bankruptcy petition on 17 June 2010. The claims bar date was set for 1 November 2010.

Debtor had three loans from Pacific Resource Credit Union ("PRCU"), secured by a 2007 Chevrolet Silverado, 2005 Carrera boat and trailer, and a 1994 GMC truck. His schedules indicated an intent to surrender the GMC truck and the boat and trailer. The chapter 13 plan provided for payments on the Silverado but not on the other collateral.

On 20 July 2010 PRCU filed two motions for relief from stay. One motion was filed for the two (cross-collateralized) loans secured by the GMC truck and the boat and trailer. The form motion indicated a "total claim as of 7/19/10" of $14,112.80 for

---

[3]Unless otherwise indicated, all code, chapter, and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

the GMC truck loan, and $76,207.57 for the boat and trailer loan. The motion included a description of the loans, including interest rates, and attached copies of the loan agreements and titles to the collateral. The memorandum in support of the motion included the following language: "The Credit Union is entitled to relief from the automatic stay and to file a proof of claim for the deficiency, once the vehicles are recovered and liquidated."

The other motion for relief from stay on the loan secured by the 2007 Silverado indicated a "total claim as of 7/19/10" of $34,468.99 and also included details of the loan and documentation. The memorandum contained identical language regarding PRCU's entitlement to file a proof of claim for the deficiency.

The bankruptcy court granted both motions by orders entered 6 August 2010 and 12 August 2010. PRCU proceeded to pursue its state law remedies, repossessing its collateral and beginning the process of liquidating it.

On 22 July 2010 PRCU filed an objection to confirmation of Debtor's chapter 13 plan, again providing details of all three loans, including the amounts due. The section of the objection entitled "Standing" contained the following language:

> The Debtor's Schedule D indicates that each of the three (3) loans is undersecured. According to the Debtor's Schedule "D," the three (3) loans are undersecured in excess of the sum of $55,000. The Credit Union is an unsecured creditor for the amounts owed in excess of the liquidated value of the collateral.

On 28 October 2010 PRCU filed a supplemental objection to confirmation based on Debtor's lack of cooperation in the

3

discovery process. Paragraph 31 of that supplemental objection reads in part: "The Debtor's Plan provides for virtually no payments to the unsecured creditors, in which class the Credit Union is a member."

PRCU also participated in the case by filing a request for disclosure of Debtor's federal income tax returns and annual statement of income and expenditures. PRCU thereafter deposed Debtor and requested production of documents, which were not provided; on 22 October 2010 PRCU moved to compel production. On 4 October 2010 PRCU moved to extend the deadline for filing a complaint to determine nondischargeability.

On 10 November 2010, ten days after the deadline for filing proofs of claim set out in the notice of the bankruptcy case, as required by Rule 3003(c)(3)[4], PRCU filed a formal "amended" proof of claim for $85,701.11, indicating that the document was intended to amend its informal proof of claim consisting of the motions for relief from stay and objections to Debtor's plan. PRCU attached a memorandum of points and authorities explaining why those documents qualified as informal proofs of claim. The memorandum also indicated that all three items of collateral had either been liquidated or were in the process of being liquidated, and that the amended claim was for the deficiency balances on each loan.

---

[4] Which provides in pertinent part:

(3) Time for filing.

The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

4

Debtor filed an objection to claim under Rule 3007[5], objecting to PRCU's claim as late-filed. PRCU responded that its prior filings were an informal proof of claim which its formal claim was amending. After a hearing, the bankruptcy court sustained Debtor's objection, ruling without further findings or elaboration:

> It's the burden on [PRCU] to establish that these informal proofs of claim gave adequate notice to the moving party of the existence of the claim and the amount of the claim so they could adequately take into account that a claim indeed is being asserted. That burden hasn't been carried.

Transcript, 10 January 2011, page 5, lines 8-13.

PRCU timely appealed.

## II.   JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334 and § 157(b)(1) and (b)(2)(B), and we do under 28 U.S.C. § 158(c).

---

[5]   Which provides:

(a) Objections to Claims

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.

5

### III. ISSUE

Whether the bankruptcy erred in ruling that PRCU had not established that its filings prior to the claims deadline constituted an informal proof of claim.

### IV. STANDARD OF REVIEW

Debtor argues for an abuse of discretion standard, which is correct for rulings on allowing amendments to proofs of claim generally. In re Sambo's Restaurants, Inc., 754 F.2d 811, 816-17 (9th Cir. 1985); In re JSJF Corp., 344 B.R. 94, 99 (9th Cir. BAP 2006), aff'd and remanded, 277 Fed. App'x 718 (9th Cir. 2008). But the discrete issue of whether the documents a creditor filed, considered in conjunction with the creditor's conduct, constitute an amendable informal proof of claim is an issue of law which we review de novo. In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir. 1985) (citing Sambo's Restaurants, 754 F.2d at 815).

### V. DISCUSSION

The Ninth Circuit has long recognized the informal proof of claim doctrine, In re Edelman, 237 B.R. 146, 154 (9th Cir. BAP 1999), consistently applying "the so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to a previously filed informal claim." In re Holm, 931 F.2d 620, 622 (9th Cir. 1991) (quoting In re Anderson-Walker Indus., Inc., 798 F.2d 1285, 1287 (9th Cir. 1986) (internal quotation marks omitted); In re Franciscan Vineyards, Inc., 597 F.2d 181, 182 (9th Cir. 1979) (per curiam)). This is consistent with the Circuit's broader rule on amendments to proofs of claim:

> In the absence of prejudice to an opposing party, the bankruptcy courts, as courts of equity, should freely allow amendments to proofs of claim that relate back to the filing date of the informal claim when the purpose is to cure a defect in the claim as filed or to describe the claim with greater particularity.

Sambo's Restaurants, 754 F.2d at 816-17 (citation omitted).

Under the doctrine, a timely informal proof of claim may be amended after the bar date by the filing of a formal proof of claim. Edelman, 237 B.R. at 154. "For a document to constitute an informal proof of claim, it must state an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." Holm, 931 F.2d at 622 (citation omitted). We have articulated the requirements:

> (1) presentment of a writing;
>
> (2) within the time for the filing of claims;
>
> (3) by or on behalf of the creditor;
>
> (4) bringing to the attention of the court;
>
> (5) the nature and amount of a claim asserted against the estate.

Edelman, 237 B.R. at 155.

Various documents have been held to be informal proofs of claim, including a disclosure statement, Holm, 931 F.2d at 622-23; a complaint for relief from the automatic stay with attachments, Pizza of Hawaii, 761 F.2d at 1381-82; a district court complaint combined with the creditor's correspondence with debtor's counsel, and her joint motion with the debtor to transfer the case to the bankruptcy court, Sambo's Restaurants, 754 F.2d at 815-16; and a letter to the bankruptcy trustee, even

though it had not been filed with the bankruptcy court. <u>Franciscan Vineyards</u>, 597 F.2d at 182-83.

In all these cases the courts focused not on the type of document, but on its contents and the creditor's conduct. For example, in <u>Holm</u>, the disclosure statement (1) was filed with the court, (2) made an explicit demand against the estate and indicated the creditor intended to hold the debtor liable for the debt, and (3) stated that the nature of the claim was a state court judgment in the amount of $232,960. The Ninth Circuit held this sufficient for an informal proof of claim. <u>Holm</u>, 931 F.2d at 623.

In <u>Pizza of Hawaii</u>, the complaint for relief from stay stated the creditor's desire to join the debtor as a defendant in the civil case, which the court held evidenced intent to hold the estate liable. The exhibits attached to the complaint detailed the nature and contingent amount of the claim. Further, the Circuit held that the complaint satisfied the requirements for an informal proof of claim even though it did not quantify all of the amounts sought, because the nature of the claims were such that damages could not be fully ascertained without extensive evidence. 761 F.2d at 1381. The court also noted that the creditor's objections to debtor's disclosure statement and plan evidenced the intent to hold debtor liable. <u>Id.</u> at 1381 n.12.

Here, PRCU filed written motions for relief from stay clearly setting forth the amounts due on each loan and PRCU's intent to hold the Debtor liable for the deficiencies. They were filed before the deadline, described the nature of the obligations and attached the loan documentation and vehicle

titles, and stated the total amounts of the claims. The documents contained the essential elements: writing(s) filed by the creditor before the claims deadline with explicit demands, showing the nature and amount of the claims against the estate, and evidencing the intent to hold Debtor liable. Holm, 931 F.2d at 622. Further, PRCU noted in its objection to confirmation, also filed before the claims deadline, that according to the Debtor's schedules there was a deficiency of $55,000, rendering it an unsecured creditor. PRCU also stated in the objection that it considered itself a member of the class of unsecured creditors.

Although PRCU's filings did not state the ultimate amount of the unsecured claim, here, as in Pizza of Hawaii, that amount could not be determined before the deadline for filing proofs of claim. The bankruptcy court erred in ruling that the documents were inadequate to put Debtor on notice of PRCU's unsecured claim, and it is not clear from the record whether the bankruptcy court considered PRCU's conduct.

Debtor misses the point in arguing that a bankruptcy court has no discretion to allow a late filed claim, citing In re Osborne, 76 F.3d 306 (9th Cir. 1996) and In re Tomlan, 102 B.R. 790 (E.D. Wash. 1989), aff'd per curiam, 907 F.2d 114 (9th Cir. 1990). PRCU does not contend otherwise; rather the issue here is whether its filings and conduct before the bar date sufficed as an informal proof of claim. Debtor also argues that PRCU slept on its rights by not filing a formal claim prior to the bar date. To the contrary, PRCU's active participation in the case and its multiple filings evidence vigorous assertion of its rights, not

9

disregard of them or procrastination. In virtually all the cases where documents were found to be informal proofs of claim, the creditors had notice of the proceedings and, as here, actively participated but failed to file formal proofs of claim before the bar dates. That occurred here, and neither the bankruptcy court's conclusory ruling nor Debtor's briefs specify in what respect PRCU's filings and conduct fell short.

Debtor also argues that other creditors were prejudiced by PRCU's delay. Debtor's counsel filed a declaration with the objection to claim in which he stated that he had filed a second amended plan proposing 100% payment of all claims filed by the deadline, and that PRCU's proof of claim filed two days later rendered the plan infeasible, delaying proposed payments to creditors that timely filed claims. Notably, Debtor did not allege any prejudice to an "opposing party." See Sambo's Restaurants, 754 F.2d at 816-17. The bankruptcy court made no finding on this issue, and Debtor's standing to raise such an argument is suspect (although the Debtor does have standing to bring this appeal: his counsel represented at argument, without contradiction, that his projected disposable income over the life of the plan exceeds the total of the other claims). The assertion that other creditors were prejudiced is speculative, and Debtor has not pointed to any evidence in the record showing that he was prejudiced: "[P]rejudice requires more than simply having to litigate the merits of, or to pay, a claim – there must be some legal detriment to the party opposing." JSJF, 344 B.R. at 102.

Beyond bare assertion in his brief that the bankruptcy court

did not abuse its discretion in finding PRCU had not established an informal proof of claim, Debtor simply does not address the legal standard. He does not even cite, much less distinguish, <u>Franciscan Vineyards</u>, <u>Sambo's Restaurants</u>, <u>Pizza of Hawaii</u>, or <u>Edelman</u>. He does not identify any missing information or articulate how the circumstances would differ had PRCU filed timely (and amendable) formal proofs of claim before realization on its collateral.

Nor does Debtor make any pertinent argument except that neither he nor other creditors could determine the total claims, and thus the amount necessary for full payment, or percentage of claims to be paid. The latter is a policy argument - that one should be able to determine the universe of claims by checking the claims register (separate from, but linked to, the docket) the day after the claims deadline. That contention would have more force if made by an unsecured creditor. Here, Debtor had ample and timely notice of PRCU's unsecured claim, as did the trustee (which may explain her not participating in this appeal). In any event, it is not our prerogative to disregard controlling Circuit authority on the basis of a policy argument.

We hold as a matter of law that PRCU's filings and conduct met the requirements for informal proofs of claim.

## VI.   CONCLUSION

The bankruptcy court erred in its ruling that the documents filed by PRCU and its conduct did not rise to the level of an informal proof of claim. As this is an issue of law, we REVERSE.